IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON AS TRUSTEE FOR CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-4, <br>     Plaintiff, <br> v. <br><br> CHARLES RAY OSBORN AND BRIEANNE OSBORN, <br>     Defendants. | § § § § § § § § § § § | <br><br><br><br><br> Civil Action No. 3:22-CV-0656-G-BH <br><br><br><br> Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, *Defendant's Motion to Dismiss and Brief in Support*, filed May 10, 2022 (doc. 13), should be **DENIED**.

### I. BACKGROUND

The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-backed Certificates, Series 2005-4 (Plaintiff) seeks foreclosure on real property located at 730 Becky Lane, Waxahachie, Texas 75165 (the Property). (doc. 1.)

On or about April 13, 2005, Charles Ray Osborn (Defendant) executed a "Texas Home Equity Note Fixed Rate/First Lien" (the Note), originally payable to America's Wholesale Lender, in the original principal amount of $492,000.00, with an interest rate of 7.75% per year. (*Id.* at 3.)[2] He and Brieanne Osborn[3] also concurrently executed a "Texas Home Equity Security Instrument"

---

[1] By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Shortly after filing its complaint, Plaintiff filed a "Disclaimer of Interest" executed by Ms. Osborn that

(Deed of Trust), granting a security interest in the Property. (*Id.*) Plaintiff is the current owner and holder of the Note, and beneficiary and mortgagee under the Deed of Trust, based on an assignment. (*Id.*) Under the Note and Deed of Trust and any modification agreements (Loan), Defendant was required to pay the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees. (*Id.*) The Loan provided that if Defendant failed to make payments on the Note when due, or to comply with its conditions, the lender could sell the Property according to its provisions and law. (*Id.*)

**A.**     **Prior Lawsuit**

On August 12, 2015, in response to Plaintiff's application for foreclosure under Tex. R. Civ. P. 736, Defendant filed a "Dispute of Respondent's Right of Foreclosure" in the 443rd Judicial District Court for Ellis County, Texas, which was opened as a new civil case. *See Osborn v. The Bank of New York Mellon*, No. 3:16-CV-308-G (N.D. Tex. Feb. 3, 2016), doc. 1-2; *see also* doc. 6 at 2. Defendant's filing alleged several defenses to the attempted foreclosure, including the statute of limitations and res judicata. (*See id.*, doc. 1-2 at 3, 5.) Plaintiff filed an answer to Defendant's lawsuit in the state court, removed it to this court, and then moved to dismiss it for failure to state a claim upon which relief could be granted. (*See id.*, doc. 1-6; doc. 1; doc. 6.) After Defendant failed to respond to the motion, it was recommended on May 6, 2016, that the motion to dismiss be granted based on his abandonment of his claims. (*See id.*, doc. 16 at 4-5.) The recommendation was accepted, and after Defendant failed to respond or amend his complaint as

---

referenced a divorce decree which memorialized her divorce from Defendant and divested her of any interest in the Property. (*See* doc. 9.)

permitted, the lawsuit was ultimately dismissed by judgment entered on February 6, 2018. (*See id.*, docs. 17, 19, 20.)

**B.     Current Lawsuit**

Plaintiff filed this lawsuit against on March 21, 2022, alleging that Defendant has failed to comply with all the conditions of the Note, and that he is past due for the June 1, 2017 payment and all subsequent payments due under the Loan. (*Id.* at 4.) It claims that written notice of default and its intent to accelerate was provided to him via certified mail on September 18, 2017. (*Id.*) After he failed to cure the default, "on June 29, 20218 [sic]," written Notice of Acceleration was sent to Defendant via certified mail, advising that the maturity date of the Note had been accelerated and that all unpaid principal and accrued interest was due and payable. (*Id.*) It asserts a claim for breach of contract and seeks a declaration of its right to foreclosure, or alternatively, a judgment for judicial foreclosure on the Property. (*Id.*) It also "pleads bankruptcy tolling, common law tolling, equitable tolling, abandonment of any alleged acceleration of the subject loan obligations, and all tolling of the statute of limitations available at law or in equity, including but not limited to tolling under § 16.063 of the Texas Civil Practice and Remedies Code to the extent Defendants now allege or later allege the statute of limitations." (*Id.* at 5.)

## II.  MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. (*See* doc. 13.)

**A.     Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and

rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead" enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at

570; *accord Iqbal*, 556 U.S. at 678.

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). "If … matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 57," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Plaintiff attached a property summary report for the Property to its complaint. (*See* doc. 1-1.) This document is part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. Defendant attached a letter from the Ellis District Clerk dated July 20, 2015, which advised that an expedited order under Tex. R. Civ. P. 736 had been signed in an action by Plaintiff seeking an order for foreclosure of the Property, to his reply. (doc. 20 at 5.) This document and the Court's

own file in No. 3:16-CV-308-G are matters of public record which may be judicially noticed, and their contents cannot reasonably be disputed. *See Norris*, 500 F.3d at 461 n.9; *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) (noting that the district court could take judicial notice of a judgment entered in a different case for the limited purpose of taking as true the action of the court in entering the judgment); *see also* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed"). Consideration of these documents therefore does not require treatment of the motion to dismiss as a motion for summary judgment.

**B.     Statute of Limitations**

Defendant moves to dismiss Plaintiff's complaint as barred by the statute of limitations. (doc. 13 at 2-5.)

"'[D]ismissal under Rule 12(b)(6) may be appropriate based on a successful affirmative defense,' provided that the affirmative defense 'appear[s] on the face of the complaint.'" *Basic Cap. Mgmt. v. Dynex Cap., Inc.*, 976 F.3d 585, 588 (5th Cir. 2020) (quoting *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006)). "In other words, the pleadings must 'reveal beyond doubt that the plaintiffs can prove no set of facts' that would overcome ... affirmative defenses such as absolute and qualified immunity, statute of limitations, statute of frauds, laches, or res judicata," or that would "otherwise entitle them to relief." *Bell v. Eagle Mountain Saginaw Indep. School Dist.*, 27 F.4th 313, 320 (5th Cir. 2022) (citations omitted). In the context of the statute of limitations, it must be "evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Turnage v. Britton*, 29 F.4th 232, 244 (5th Cir. 2022) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir.

2003)). A claim that is evidently time-barred does not "raise a right to relief above a speculative level" as required under 12(b)(6) standards. *See id.*; *Twombly,* 550 U.S. at 555.

Under Texas law,[4] a secured lender must sue for "the foreclosure of a real property lien not later than four years after the day the cause of action accrues." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a); *Boren v. Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015). For notes payable in installments and secured by a real property lien, "the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *Id*. at § 16.035(e); *Boren*, 807 F.3d at 104. Once the four-year limitation expires, "the real property lien and a power of sale to enforce the real property lien become void." *Id*. at § 16.035(d).

If a note or deed of trust contains an optional acceleration clause, "default does not ipso facto start limitations running on the note." *DTND Sierra Investments LLC v. Bank of New York Mellon Trust Co.*, N.A., 958 F. Supp. 2d 738, 749 (W.D. Tex. 2013) (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)); *see also Justice v. Wells Fargo Bank, N.A.*, 674 F. App'x 330, 333 (5th Cir. 2016). The cause of "'action accrues only when the holder actually exercises its option to accelerate.'" *Jatera Corp. v. US Bank Nat'l Assn.*, 917 F.3d 831, 835 (5th Cir. 2019) (quoting *Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*, 648 F. App'x

---

[4] "It is a long-recognized principle that federal courts sitting in diversity cases [, such as this one], 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)); *see also Guzman v. Mem'l Hermann Hosp. Sys.*, No. H-07-3973, 2008 WL 5273713, at *14 (S.D. Tex. Dec. 17, 2008) (citing *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 394 (5th Cir. 2003)) ("As a general rule, under the *Erie* Doctrine, when a plaintiff asserts a state-law claim in federal court, the federal court applies state substantive law to adjudicate the claims but applies federal procedural law."). "Federal courts are not bound, however, to follow a state law that merely is in some sense substantive, if it is in conflict with the Federal Rules of Civil Procedure." *Nelson v. Myrick*, No. 3:04-CV-0828-G, 2005 WL 723459, at *2 (N.D. Tex. Mar. 29, 2005) (citation and internal quotation marks omitted). If the federal rule in question is "sufficiently broad to cause a direct collision with the state law, or implicitly, to control the issue before the court," there is "no room for the operation of [the state] law." *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987) (internal quotation marks omitted).

414, 417 (5th Cir. 2016) (in turn quoting *Holy Cross*, 44 S.W.3d at 566)); *Boren*, 807 F.3d at 104. "'Effective acceleration requires two acts: (i) notice of intent to accelerate, and (ii) notice of acceleration'", and "[e]ach notice must be 'clear and unequivocal.'" *Justice*, 674 F. App'x at 333 (quoting *Holy Cross*, 44 S.W.3d at 566, and *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)); *see also Boren*, 807 F.3d at 104. Acceleration may be abandoned "by agreement or by other action of the parties", however; a holder may also abandon acceleration by "continu[ing] to accept payments without exacting any remedies available to it upon declared maturity." *Boren*, 807 F.3d at 104 (quoting *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 356 (Tex. App.—Houston [1st Dist.] 2012, no pet.) and *Holy Cross*, 44 S.W3d at 566-67); *Jatera Corp.*, 917 F.3d at 835. Once abandoned, the contract is restored to its original condition, including restoration of the "'original maturity date' for purposes of accrual." *Id.* (quoting *Khan*, 371 S.W.3d at 353).

Here, Plaintiff's complaint alleges that Defendant failed to make his June 1, 2017 payment and all subsequent payments due under the Loan, that notice of default and intent to accelerate was provided on September 18, 2017, and that notice of acceleration was provided on "June 29, 20218". (*See* doc. 1 at 4.) Under Texas law, Plaintiff's cause of action for foreclosure accrued when notice of acceleration was provided, so it had four years from that date to file suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a)-(e); *Justice*, 674 F. App'x at 333; *Boren*, 807 F.3d at 104. Even construing the complaint as alleging that notice of acceleration was provided on June 29, 2018,[5] it filed this action on March 21, 2022, within four years of that date. *See* Tex. Civ. Prac.

---

[5] As noted, a court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. Nevertheless, Plaintiff concedes in its response that the correct date is June 29,

& Rem. Code Ann. § 16.035(a); *Baker*, 75 F.3d at 196. On the face of the pleadings, this action is not "evidently" time-barred for purposes of Defendant's Rule 12(b)(6) motion to dismiss based on the statute of limitations defense, and it should be denied. *See Turnage*, 29 F.4th at 244.

**C.     Res Judicata**

In his reply, Defendant argues for the first time that Plaintiff's claims are also barred by the affirmative defense of res judicata. (*See* doc. 20 at 3.)

The purpose of filing a reply brief "is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991). A movant is not ordinarily permitted to make new arguments in a reply because that would deprive the non-movant of a meaningful opportunity to respond. *See id.*; *see also Jackson v. Royal Caribbean Cruises, Ltd.*, 389 F. Supp.3d 431, 448 n. 10 (N.D. Tex. 2019) (citing *Highpoint Risk Servs. LLC v. Companion Prop. & Cas. Ins. Co.*, No. 3:14-CV-3398-L, 2015 WL 5613336 (N.D. Tex. Aug. 25, 2015), *rec. accepted*, 2015 WL 5666727 (N.D. Tex. Sept. 24, 2015) (declining to consider new arguments made for the first time in a reply brief). Because Plaintiff has not had an opportunity to respond to this basis for dismissal, it is not considered.

Even if considered, dismissal on this basis would not be warranted. As noted, a court may dismiss claims under Rule 12(b)(6) as barred by the affirmative defense of res judicata if the pleadings "'reveal beyond doubt'" that Plaintiff can prove no that would overcome the defense. *Bell,* 27 F.4th at 320; *see also Matter of 3 Star Properties, L.L.C.*, 6 F.4th 595, 604 (5th Cir. 2021)

---

2018. (*See* doc. 12 at 5 & n. 2.)

(claims may be dismissed based on res judicata if the "'bar is apparent from the pleadings and judicially noticed facts.'") (quoting *Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019) (per curiam)). The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"). "True res judicata" or "claim preclusion . . . bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). This doctrine has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer*, 718 F.3d at 466-67.

Here, Defendant generally relies on a Rule 736 Order obtained by Plaintiff in July 2015 as a basis for res judicata. (*See* doc. doc. 20 at 3, 5.) Rule 736 orders for expedited foreclosure are "without prejudice and ha[ve] no res judicata, collateral estoppel by judgment, or other effect in any other judicial proceeding", however, and even after obtaining a Rule 736 order, "a person may proceed with the foreclosure process under applicable law and the terms of the lien sought to be foreclosed." *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 383 (5th Cir. 2017) (quoting Tex. R. Civ. P. 736.9).

Defendant also relies on the prior federal action. "The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d

935, 937 (5th Cir. 2000). A Rule 12(b)(6) dismissal with prejudice is a final judgment on the merits for res judicata purposes. *Stevens v. Bank of America, N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) ("Generally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes.") (citing *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)). Res judicata extends beyond claims that were actually raised in prior action and bars all claims that "could have been advanced in support of the cause of action on the occasion of its former adjudication . . . ." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). Ultimately, the "preclusive effect of [the] prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (citation omitted).

"To determine whether two suits involve the same claim or cause of action, [the Fifth Circuit] has adopted the transactional test of the Restatement (Second) of Judgments, § 24." *Id*. Under this test, the "inquiry focuses on whether the two cases under consideration are based on 'the same nucleus of operative facts.'" *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citations omitted). "[I]t is the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, that defines the claim." *Id*. Identifying the nucleus of operative facts involves a "pragmatic" approach, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Test Masters*, 428 F.3d at 571 (citing Restatement (Second) of Judgments, § 24).

Here, notwithstanding that the prior action based on the July 2015 attempted foreclosure

11

was filed by Defendant, not Plaintiff, it concluded in February 2018. *See Osborn*, No. 3:16-CV-308-G (N.D. Tex. Feb. 3, 2016), doc. 20. Plaintiff's complaint alleges that Defendant made no payments after June 1, 2017. (doc. 1 at 4.) Taking this factual allegation as true and viewing it in the light most favorable to Plaintiff, it gives rise to a reasonable inference that Plaintiff abandoned any prior acceleration. In addition, the complaint alleges that Plaintiff provided notice of its intent to accelerate on September 18, 2017, and of acceleration on June 29, 2018, after the conclusion of the lawsuit. It is not apparent from the face of the complaint and facts subject to judicial notice that both lawsuits are based on the same default or acceleration, i.e., the same nucleus of operative facts, for purposes of dismissal based on res judicata.

## IV.  RECOMMENDATION

Defendant's motions to dismiss Plaintiff's complaint should be **DENIED**.

**SO RECOMMENDED** on this 27th day of January, 2023.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE