IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BANK OF NEW YORK MELLON § <br> AS TRUSTEE FOR CWABS, INC. § <br> ASSET-BACKED CERTIFICATES, § <br> SERIES 2005-4, § <br>        Plaintiff, § <br> § <br> v. § <br> § <br> CHARLES RAY OSBORN and § <br> BRIEANNE OSBORN, § <br>        Defendants. § | Civil Action No. 3:22-CV-0656-G-BH <br><br><br> Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings, evidence, and applicable law, *Plaintiff's Motion for Summary Judgment*, filed September 26, 2022 (doc. 21), should be **GRANTED**.

### I.  BACKGROUND

The Bank of New York Mellon as Trustee for CWABS, Inc. Asset-backed Certificates, Series 2005-4 (Plaintiff) seeks foreclosure on real property located at 730 Becky Lane, Waxahachie, Texas 75165 (the Property). (doc. 1 at 3.)[2] On April 13, 2005, Charles Ray Osborn (Borrower) executed a Texas Home Equity Note (Note), in favor of America's Wholesale Lender (Lender), for a loan in the principal amount of $492,000.00. (doc. 23-2.) The Note is endorsed in blank by Lender and currently held by Plaintiff. (docs. 23-1 at 1; 23-2 at 3.) Borrower and Brieanne Osborn (Spouse) (collectively Defendants) contemporaneously executed a Texas Home Equity Security Instrument (Deed of Trust) that granted a security interest in the Property to Lender to secure repayment under the Note. (doc. 23-3.) The Deed of Trust named Mortgage Electronic Registration Systems, Inc.

---

[1] By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(MERS) as the nominee for Lender and its successors and assigns and as the beneficiary of the Deed of Trust. (*Id.* at 1.) Under the terms of the Note and Deed of Trust, Borrower would be in default if he failed to timely pay the full amount of each required monthly payment and subject to acceleration of the loan and foreclosure proceedings on the Property. (docs. 23-2 at 2; 23-3 at 2-3.)

On February 16, 2012, MERS executed an Assignment of Deed of Trust (Assignment) assigning the Deed of Trust to Plaintiff. (doc. 23-5.) Select Portfolio Servicing, Inc. (Servicer) is the mortgage servicer and attorney-in-fact for Plaintiff. (docs. 23-1 at 1; 23-8.)

At some point in time between late-2014 and 2015, Plaintiff accelerated the maturity date of the Note due to Borrower's failure to submit the monthly payments required under the Note and Deed of Trust. (doc. 26 at 15.) On July 10, 2015, it obtained an order allowing foreclosure under Rule 736 of the Texas Rules of Civil Procedure against Borrower in state court (2015 Foreclosure Action). (*Id.* at 3-5.) On August 12, 2015, Borrower filed a petition contesting Plaintiff's right to foreclose, which effectively abated the order allowing foreclosure. *See Osborn v. The Bank of New York Mellon*, No. 3:16-CV-308-G (N.D. Tex. Feb. 3, 2016), doc. 1-2. The state action was removed to federal court, and a judgment dismissing the lawsuit was entered on February 6, 2018. (*Id.*, docs. 19-20.)

In the interim, on September 18, 2017, Servicer sent Borrower a Notice of Default, explaining that he was in default for failure to make required payments, and that the maturity date of the Note and Deed of Trust would be accelerated if the default was not cured on or before October 18, 2017. (doc. 23-6.) On June 29, 2018, Plaintiff's foreclosure counsel sent Borrower a Notice of Acceleration, explaining that he had failed to cure the default, and that the maturity date under Note had been accelerated as a result. (doc. 23-7.)

On March 21, 2022, Plaintiff filed this foreclosure action against Defendants; it seeks a judgment allowing it to proceed with foreclosure in accordance with the Note and Deed of Trust and Texas Property Code § 51.002, or alternatively, a judgment for judicial foreclosure. (*See* doc. 1.) It alleges that Borrower defaulted on his payment obligations under the Note and Deed of Trust, that he failed to cure such defaults despite its demands, and that the maturity date of the Note had been accelerated, making all unpaid principal and accrued interest due and payable. (*Id.* at 4.) It also seeks an award of attorney's fees as allowed under the Note, Deed of Trust, and Chapter 38 of the Texas Civil Practices and Remedies Code. (*Id.* at 5.) On April 28, 2022, Plaintiff filed Spouse's "Disclaimer of Interest", in which she disclaimed any interest she had in the Property and referenced a divorce decree memorializing her divorce from Borrower that divested her of any interest in the Property. (*See* doc. 9.)

On September 26, 2022, Plaintiff moved for summary on its claim for judgment authorizing foreclosure. (doc. 21.) Borrower responded on October 12, 2022, and Plaintiff replied on October 21, 2022. (docs. 25, 27.)

## II. MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no

3

genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant bears the burden of proof on an issue, it must "establish beyond peradventure *all* of the essential elements of the claim or defense." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)) (emphasis original). The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (quotations omitted). There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once the movant meets its summary judgment burden, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. It must go beyond its pleadings and designate specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[3] Rule 56 imposes no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

---

[3] "The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

4

158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to its case and as to which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

A. **Foreclosure**

Plaintiff argues that it is entitled to summary judgment on its request for judgment authorizing foreclosure and a declaration of its right to foreclose on the Property because all of the requirements to foreclose on Borrower's home equity loan have been established by the summary judgment evidence. (doc. 22 at 10.)

To show entitlement to an order authorizing foreclosure on a home equity loan in Texas,[4] a party must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) a default occurred under the relevant loan documents; and (4) proper service of a notice of default and a notice of acceleration has been effectuated. *See Bowman v. CitiMortgage, Inc.*, 768 F. App'x 220, 223 (5th Cir. 2019) (citing Tex. Prop. Code § 51.002; *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp.2d 732, 740 (S.D. Tex. 2013), *aff'd by* 583 F. App'x 306 (5th Cir. 2014)).

Here, Plaintiff proffers the Note, Deed of Trust, Assignment, Notice of Default, Notice of

---

[4] "It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). In this diversity case, the Property is located in Texas, and the parties do not dispute that Texas law applies. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue.").

Acceleration, and the payoff calculation as summary judgment evidence. (*See* docs. 23-2–23-9.) It also provides a declaration from Servicer's Document Control Officer, authenticating the loan documents. (*See* doc. 23-1.) This evidence shows that a debt in the amount of $492,000.00, bearing interest at the rate of 7.75% per annum, exists under the Note (doc. 23-2), and that this debt is secured by a lien on the Property created in the Deed of Trust under Article 16, Section 50(a)(6) of the Texas Constitution (doc. 23-3). It also shows that Plaintiff is the current owner and holder of the Note and the beneficiary of the Deed of Trust. (doc. 23-5.) Plaintiff's summary judgment evidence shows that there is a default under the Note and Deed of Trust because the required monthly payments beginning June 1, 2017, are owed and remain unpaid. (doc. 23-1 at 2.) It also shows that Plaintiff properly complied with the notice requirements contained within the Note and Deed of Trust because Borrower was provided a written notice of default on September 18, 2017 (doc. 23-6), and a notice of acceleration on June 29, 2018 (doc. 23-7).[5] Plaintiff has also established that as of September 8, 2022, the accelerated loan balance is $807,637.73. (doc. 23-9.) Plaintiff has met its summary judgment burden to show no genuine issue exists as to any material fact regarding its entitlement to an order authorizing foreclosure on the Property.

The burden now shifts to Borrower to identify evidence in the record raising a genuine issue of material fact that Plaintiff is not entitled to a foreclosure order on the Property.

**B.   Statute of Limitations**

Borrower argues that Plaintiff's right to foreclose on the Property is barred by the statute of limitations.

---

[5]The summary judgment evidence also establishes that Servicer is a "mortgage servicer" under Texas Property Code § 51.0001 that may administer a foreclosure sale of real property under Texas Property Code § 51.002. *See* Tex. Prop. Code § 51.0025, 51.0001(3), 51.0001(4)(a)-(c).

Under Texas law, a secured lender must sue for "the foreclosure of a real property lien not later than four years after the day the cause of action accrues." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a); *Boren v. Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015). For notes payable in installments and secured by a real property lien, "the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." *Id.* at § 16.035(e); *Boren*, 807 F.3d at 104. Once the four-year limitation expires, "the real property lien and a power of sale to enforce the real property lien become void." *Id.* at § 16.035(d).

If a note or deed of trust contains an optional acceleration clause, "default does not ipso facto start limitations running on the note." *Bitterroot Holdings, L.L.C. v. MTGLQ Invs., L.P.*, 648 F. App'x 414, 418 (5th Cir. 2016) (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). "Rather, the action accrues only when the holder actually exercises its option to accelerate." *Id.* (citations omitted). "Effective acceleration requires two acts: (i) notice of intent to accelerate, and (ii) notice of acceleration." *Justice v. Wells Fargo Bank, N.A.*, 674 F. App'x 330, 333 (5th Cir. 2016) (quoting *Holy Cross*, 44 S.W.3d at 566). "Both notices must be 'clear and unequivocal.'" *Boren*, 807 F.3d at 104 (quoting *EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W.3d 331, 335 (Tex. App.—Waco 2008, no pet.).

"The acceleration may be abandoned, either by the lender's unilateral actions or by agreement, thereby suspending the limitations period until the lender exercises its option to re-accelerate the note." *Jatera Corp. v. US Bank Nat'l Assn.*, 917 F.3d 831, 835 (5th Cir. 2019) (citing *Boren*, 807 F.3d at 106; *Holy Cross*, 44 S.W.3d at 566-67). "The request for payment of less than the full obligation—after initially accelerating the entire obligation—is an unequivocal expression of the bank's intent to abandon or waive its initial acceleration." *Id.* (quoting *Martin v.*

7

*Fed. Nat'l Mortg. Ass'n*, 814 F.3d 315, 318 (5th Cir. 2016)) (cleaned up). Once abandoned, the contract is restored to its original condition, including restoration of the original maturity date for purposes of accrual. *Boren*, 807 F.3d at 106 (citing *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Here, Borrower argues that the limitations period began to run in "May 2015" when he stopped making payments and Plaintiff accelerated the loan, and it expired before the 2022 filing of this action for foreclosure because there is no written evidence of a rescission. (doc. 25 at 1-2.) He provides a copy of a court filing from the 2015 Foreclosure Action, stating that an order for foreclosure on the Property was issued to Plaintiff on July 10, 2015. (doc. 26 at 3-5.) He also provides his sworn declaration which states, in part, that the Note was accelerated by Plaintiff "in late 2014," that no payments have been made on the Note since 2015, and that he has never received a "Notice of Deceleration" from Plaintiff expressly abandoning acceleration. (*Id.* at 15.)

The undisputed evidence establishes that Borrower was sent a notice of default on September 18, 2017, and a notice of acceleration on June 28, 2018. (*See* docs. 23-6, 23-7.) The Notice of Default notified Borrower of his default and the total amount he was required to pay to avoid acceleration of the maturity of the loan. Under Texas law, this notice is sufficient to constitute Plaintiff's abandonment of any acceleration within the four-year period prior to September 18, 2017. *See Boren*, 807 F.3d at 106 ("A lender waives its earlier acceleration when it 'put[s] the debtor on notice of its abandonment ... by requesting payment on less than the full amount of the loan.'") (citation omitted); *see, e.g., Meachum v. Bank of New York Mellon Tr. Co.*, 636 F. App'x 210, 213 (5th Cir. 2016) (concluding lender abandoned acceleration by sending subsequent notices of default and notice of intent to accelerate requesting less than the full balance of the note); *Leonard v. Ocwen*

8

*Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015) (affirming summary judgment decision that lender abandoned acceleration where it sent subsequent account statements listing less than the full amount due and gave the borrowers the option to cure their default by paying the past due balance). The limitations period "ceased to run at that point, and a new limitations period did not begin to accrue until" June 28, 2018 – the date of the Notice of Acceleration notifying Borrower of Plaintiff's acceleration of the Note. *Boren*, 807 F.3d at 106; *see, e.g., Rivera v. Bank of Am., N.A.*, 607 F. App'x 358, 361 (5th Cir. 2015) (holding that after lender effectively abandoned its prior acceleration its foreclosure action did not accrue until it again invoked the note's acceleration clause).

Because the filing of this action on March 21, 2022, is within the four-year period following the June 29, 2018 Notice of Acceleration, Borrower has failed to meet his burden to show that Plaintiff's claim for foreclosure on the Property is barred by the statute of limitations. Plaintiff is entitled to a judgment as a matter of law on its claim for foreclosure.

### III. RECOMMENDATION

Plaintiff's motion for summary judgment should be **GRANTED**, and a judgment authorizing foreclosure should be entered.

**SO RECOMMENDED** on this 5th day of June, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                             */s/ Irma Carrillo Ramirez*
                                                             IRMA CARRILLO RAMIREZ
                                                        UNITED STATES MAGISTRATE JUDGE